IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,392






EX PARTE LESTER EMMETT MESHACK, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NUMBER C-371-007639-0933053


FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY




 Per curiam.


O P I N I O N 



 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of theft, and punishment was assessed at six years' confinement. No
direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed
counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel". 
The duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal,
counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number C-371-007639-0933053 from the 371st District Court of
Tarrant County. The proper remedy in a case such as this is to return Applicant to the point
at which he can give notice of appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the conviction had been entered on the day
that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute
an appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

DO NOT PUBLISH

DELIVERED: May 3, 2006